## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Brian D. McCormick

v.

City of Alexandria
Board of Zoning Appeals

January 22, 1986

Case No. (Law) 9915

By JUDGE DONALD H. KENT

This matter came before the Court upon the review of a decision of the Alexandria Board of Zoning Appeals which allowed Everly Funeral Homes, Inc., to operate a crematorium at 1500 West Braddock Road.

On January 3, 1985, Mr. John C. Everly wrote a letter to the City of Alexandria Zoning Administrator stating his intention to install a crematorium in the garage building of the Everly-Wheatley Funeral Home at 1500 West Braddock Road. The land on which the funeral home is located is zoned C-1 (commercial) under Alexandria City Code § 7-6-23. Section 7-6-23(a)(14) allows an under-taking establishment to be operated in that area, but makes no mention of a crematorium. Therefore, in order for a crematorium to be operated on the premises it must fall within the "accessory use" exception to the zoning code. Alexandria City Code § 7-6-1(3). On February 4, 1985, the Zoning Administrator wrote a letter to Mr. Everly advising him that in his opinion "a crematorium is an accessory and incidental use to a funeral home business."

Mr. Brian D. McCormick, a resident of the townhouses adjacent to the funeral home, appealed the decision of the Zoning Administrator to the Board of Zoning Appeals pursuant to Alexandria City Code § 7-6-203. On June 13, 1985, a hearing was held before the Board of Zoning Appeals

during which hearing representatives of the townhouse residents and of the funeral home were given the opportunity to argue their respective positions. The Board voted to sustain the decision of the Zoning Administrator.

Mr. McCormick then petitioned this Court for a writ of certiorari, which petition was granted on September 11, 1985. The Court also granted Everly Funeral Homes, Inc., leave to intervene in this case as a necessary and interested party defendant on November 27, 1985.

In cases such as the one at bar, "there is a prima facie presumption that the power and discretion of the Board of Zoning Appeals have been properly exercised." Therefore, this Court may not merely consider the facts in the record and substitute its judgment for that of the Board of Zoning Appeals. Rather, "the court may not disturb the Board's decision unless it has applied principles of law or where the Board's discretion is involved unless the evidence before the court proves to its satisfaction that the Board's decision is plainly wrong." *Board of Zoning Appeals v. Fowler*, 201 Va. 942, 948 (1960).

The Court, having reviewed the complete record in this matter, finds that the Board did not apply erroneous principles of law and its decision was not plainly wrong. The evidence before the Court indicates that the Board applied the correct principles of law and that its decision was correct.

The appeal will be dismissed.